AMH/SBD IML.20273

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TORI ARTMAN<br><br>                    Plaintiff,<br>v.<br><br>DAVE GUALANDRI and the CITY OF OTTAWA,<br><br>                    Defendants. | Court No. 1:20-cv-04504<br><br>Judge Alonso<br>Courtroom 1903 |

## **DEFENDANTS' MOTION TO DISMISS**

The Defendants, DAVE GUALANDRI and the CITY OF OTTAWA, by and through their attorneys, ALISON HARRINGTON and SCOTT DOLEZAL of BEST, VANDERLAAN & HARRINGTON, in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), submit as follows:

1. The Plaintiff alleges that she was an employed as a deputy auditor in the of the LaSalle County Auditor's office. The Complaint alleges that as a result of an investigation conducted by Captian David Gualandari of the City of Ottawa Police Department, she was subjected to criminal charges for theft, official misconduct and conspiracy. These charges arose from the allegation that the Plaintiff received overtime pay that she did not earn.

2. In Counts I and II of her Complaint, the Plaintiff alleges a violation of her Fourth Amendment rights. In Count III, the Plaintiff alleges a claim of malicious prosecution. Each of these claims rely on the Plaintiff demonstrating the absence of probable cause. These claims must be dismissed because the Plaintiff's Complaint alleges that she accepted payment for overtime that she did not earn. Further, the Plaintiff's willful and wanton claim must be

dismissed because it is premised on the Plaintiff's prosecution without probable cause. Based on the Plaintiff's admission in the Complaint, this count must be dismissed.

3. Further, the Plaintiff admitted during her criminal trial that she did not dispute that she accepted payment for overtime that she did not earn. The Court can take judicial notice of this testimony. Based on this admission, probable cause existed to pursue criminal charges and that Plaintiff's claims must be dismissed.

4. In Count I, the Plaintiff alleges she was subjected to a Fourth Amendment violation based on her alleged false arrest and the issuance of an indictment without probable cause. Count I must be dismissed because there is no allegation that Gualandari was personally involved in detaining the Plaintiff. Further, the Plaintiff is not entitled to recovery on her claim that she was indicted without probable cause there is no Fourth Amendment right not to be prosecuted without probable cause. Finally, there is no Fourth Amendment claim arising from an alleged malicious prosecution.

5. In Count II of the Complaint, the Plaintiff alleges that she was subjected to a Fourth Amendment violation because she was subjected to conditions of bond without probable cause. This claim must be dismissed because the restrictions imposed by the bond do not implicate the Fourth Amendment. However, if the bond conditions do implicate the Fourth Amendment, Gualandri is entitled to qualified immunity.

6. In Count III, the Plaintiff alleges a malicious prosecution claim. This claim must be dismissed because the Plaintiff's admissions during her criminal trial testimony establish that there was probable cause to bring charges against the Plaintiff for theft and official misconduct. Further, the Plaintiff has not alleged that she sustained special damages as a result of the criminal charges.

7. Count IV alleged a claim of willful and wanton conduct arising from Gualandri's alleged grand jury testimony and the prosecution of the Plaintiff. Count IV must be dismissed because Gualandri is entitled to absolute immunity on the Plaintiff's claim arising from his grand jury testimony. Further, the allegations of willful and wanton conduct all occurred prior to July 31, 2019, and the claim is barred by the applicable one year statute of limitations.

WHEREFORE, the Defendants, Dave Gualandri and the City of Ottawa, respectfully request that Plaintiff's Complaint be dismissed, with prejudice, and for any other relief deemed reasonable.

Respectfully submitted,

**DAVID GUALANDRI and THE CITY OF OTTAWA**

By: */s/ Scott B. Dolezal*
One of theur attorneys

Alison M. Harrington
Scott B. Dolezal
**Best, Vanderlaan & Harrington**
25 E. Washington St., Suite 800
Chicago, IL 60602
(312) 819-1100
(312) 819-8062 (Fax)

### CERTIFICATE OF SERVICE

I, the undersigned, state that I caused copies of the foregoing to be served, with enclosures referred to thereon, if any, by **Electronic filing** to the attorney(s) of record at the address(es) and/or facsimile number(s) of record from 25 E. Washington St., Suite 800, Chicago, IL prior to 5:00 p.m. on September 29, 2020.

*/s/ Scott B. Dolezal*

Re: Wright v. City of Ottawa, et al.
     Court No.: 1:20-cv-04504
     BVH File: IML.20273

## ATTORNEY SERVICE LIST

Shawn Barnett
Hale & Monico, LLC
53 W. Jackson St., #337
Chicago, IL 60604
(312) 870-6905
Attorney for Plaintiff
Pamela Wright